USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/24/2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
                                  :
GINA WILLIAMS,                    :
                                  :
            Plaintiff,            :     03 Civ. 7764 (WHP)
                                  :
      -against-                   :     MEMORANDUM & ORDER
                                  :
NEW YORK CITY HOUSING             :
AUTHORITY,                        :
                                  :
            Defendant.            :
----------------------------------X

WILLIAM H. PAULEY III, District Judge:

        Plaintiff Pro Se Gina Williams ("Williams") brings this action against Defendant the New York City Housing Authority ("NYCHA") asserting violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq.; 42 U.S.C. §§ 1981, 1983, 1985. By Memorandum and Order dated April 15, 2004, this Court dismissed Plaintiff's complaint. Williams v. N.Y. City Hous. Auth., No. 03 Civ. 7764 (WHP) (S.D.N.Y Apr. 15, 2004). On July 19, 2006, the Court of Appeals reversed the dismissal of certain gender discrimination and retaliation claims, finding that the allegations in Williams's EEOC complaint were sufficient to put the EEOC on notice of a potential sex discrimination claim. Williams v. N.Y. City Hous. Auth., 458 F.3d 67, 68, 71 (2d Cir. 2006). Following remand, the parties conducted discovery, and NYCHA moved for summary judgment. For the following reasons, NYCHA's motion is granted, and the action is dismissed.

1

## BACKGROUND

Since November 20, 1995, Williams has been a Heating Plant Technician ("HPT") at NYCHA's South Jamaica Houses Development ("South Jamaica"). (Def. 56.1 Stmt. ¶¶ 3-4.) On August 14, 2001, Williams filed an action against NYCHA in New York State Supreme Court, New York County, alleging gender discrimination and retaliation (the "State Action"). The Supreme Court granted NYCHA's motion for summary judgment and dismissed Williams's complaint. Williams v. N.Y. City Hous. Auth., No. 115453/01 (N.Y. Sup. Ct. Aug. 7, 2007).

In May and June 2002, Williams informed NYCHA that her employment record inaccurately reflected her accrued leave. (Def. 56.1 Stmt. ¶ 12-15; Declaration of Donna M. Murphy dated Jan. 22, 2008 Ex. B: Deposition of Gina Williams dated Apr. 27, 2007 ("Williams Dep.") at 15-26.) The record was not corrected until October 8, 2002. (Def. 56.1 Stmt. ¶ 14.)

On June 30, 2002, Williams sustained an injury that she asked her supervisor, Superintendent Michael Lopez ("Lopez"), to report. (Def. 56.1 Stmt. ¶¶ 40, 41.) Lopez did not report the injury until September 26, 2002. (Def. 56.1 Stmt ¶ 42.)

On September 9, 2002, Williams filed a grievance with her union, complaining that, in retaliation for the State Action, Lopez had failed to keep her accrued leave paperwork confidential, refused to provide other paperwork and refused to report her June 30 injury. (Def. 56.1 Stmt. ¶ 13.; Compl. ¶ 13; Compl. Ex. C: Grievance dated Sept. 9, 2002.)

On September 13, 2002, Lopez discarded a broken chair that Williams had used. Two days later, he replaced the chair. (Def. 56.1 Stmt. ¶¶ 9-11.)

In October 2002, NYCHA removed a lock and various possessions from an unassigned and unmarked locker that Williams had been using in the female caretaker's room. (Def. 56.1 Stmt. ¶¶ 44-47.)

On October 9, 2002, Williams filed a freedom of information request with NYCHA pursuant to N.Y. Pub. Off. Law § 85 et seq. (the "FOIL Request"). (Def. 56.1 Stmt. ¶ 23.) NYCHA responded to the FOIL Request on November 21, 2002. (Def. 56.1 Stmt. ¶ 24.)

George McGriff ("McGriff") was Williams's supervisor from November 2002 until the end of January 2003. (Def. 56.1 Stmt. ¶ 31.) Williams alleges that McGriff has a history of sexual harassment. (Compl. ¶ 22.) McGriff once referred to Williams as the "watch fireman." (Def. 56.1 Stmt. ¶ 32.) In January 2003, McGriff instructed Williams to inspect all boiler rooms at 6:00 a.m. on a weekend, when Williams was the sole HPT on duty. (Def. 56.1 Stmt. ¶ 34; Pl. 56.1 Stmt. ¶¶ 16-17.) Inspecting boiler rooms is among the normal duties of an HPT. (Def. 56.1 Stmt. ¶¶ 35-36.) Williams waited until 8:00 a.m. to inspect the boiler rooms, because she felt unsafe doing so alone at 6:00 a.m. (Def. 56.1 Stmt. ¶ 34; Pl. 56.1 Stmt. ¶ 14) McGriff allegedly threatened to reprimand Williams for failing to follow his instructions. (Compl. ¶ 31; Def. 56.1 Stmt. ¶¶ 34, 39.)

## DISCUSSION

I. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). In determining whether there is a

genuine issue as to any material fact, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." Liberty Lobby, 477 U.S. at 255.

This Court reads the submission of Williams, a pro se plaintiff, liberally "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994); Salahuddin v. Coughlin, 999 F. Supp. 526, 535 (S.D.N.Y. 1998). However, even a pro se plaintiff "must come forward with evidence that would be sufficient to support a jury verdict in [her] favor." Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).


II. Title VII

Courts evaluate Title VII employment discrimination and retaliation claims using the burden shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) (discrimination); Jetter v. Knothe Corp., 324 F.3d 73, 75 (2d Cir. 2003) (retaliation). Initially, the plaintiff must establish, inter alia, that she suffered an adverse employment action. McDonnell Douglas, 411 U.S. at 802 (discrimination); Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 468 (2d Cir. 2001) (discrimination); Patane v. Clark, 508 F.3d 106, 115 (2d Cir. 2007) (retaliation). Summary judgment is appropriate where a plaintiff has failed to make this showing. McLee v. Chrysler Corp., 109 F.3d 130, 135 (2d Cir. 1997).

To establish an adverse employment action in the discrimination context, a plaintiff must demonstrate that she suffered a materially adverse change in the terms and conditions of her employment. Galabya v. N.Y. City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000). Such a change "must be more disruptive than a mere inconvenience or an alteration of job responsibilities." Galabya, 202 F.3d at 640. In the retaliation context, an adverse employment action is conduct that would dissuade a reasonable worker from making or

4

supporting a charge of discrimination. Patane v. Clark, 508 F.3d 106, 116 (2d Cir. 2007) (quoting Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53 (2006)).

A. Assignment of McGriff as Supervisor

Absent a showing of actual harassment, the mere assignment of a supervisor with a history of sexual harassment is not an adverse employment action. See Torres v. Pisano, 116 F.3d 625, 640 (2d Cir. 1997) (feeling "frightened" or "intimidated" does not constitute an adverse employment action to establish a retaliation claim). While a single incident may establish a harassment claim, it must be "extraordinarily severe" to do so. Howley v. Town of Stratford, 217 F.3d 141, 153 (2d Cir. 2000). Here, the only evidence that McGriff harassed Williams is that he once called her a "watch fireman." Alone, this comment cannot establish Williams's claims.

B. Early Morning Assignments

Where assignments fall within the duties of a plaintiff's position, "receiving unfavorable schedules or work assignments . . . do[es] not rise to the level of [an] adverse employment action." Smalls v. Allstate Ins. Co., 396 F. Supp. 2d 364, 371 (S.D.N.Y. 2005) (discrimination and retaliation). It is undisputed that checking boiler rooms is among the duties of an HPT. Thus, neither the early morning boiler room assignment, nor any threat of reprimand for failure to complete the assignment, constitutes an adverse employment action.

C. Remaining Claims

A delay in processing paperwork that does not materially change the terms and conditions of a plaintiff's employment is not an adverse employment action, Leget v. Henderson, Nos. 99 Civ. 3636, 4610 (DLC), 2001 WL 43615, at *6 (S.D.N.Y. Jan. 18, 2001) (discrimination), nor is display of a plaintiff's confidential documents, Bowles v. N.Y. City

5

Transit Auth., Nos. 00 Civ. 4213, 03 Civ. 3073 (BSJ) (MHD), 2006 WL 1418602, at *12 n.26 (S.D.N.Y. May 23, 2006) (retaliation), removal of a chair, see Serino v. Potter, 178 Fed. App'x 552, 554-56 (7th Cir. 2006) (Rehabilitation Act claim), or removal of a lock from an unassigned locker, see Selmanovic v. NYSE Group, Inc., No. 06 Civ. 3046 (DAB), 2007 WL 4563431, at *6 (S.D.N.Y. Dec. 21, 2007) (retaliation); see also Pasternak v. Baines, No. 00 Civ. 0369C (JTC), 2006 WL 2570982, at *8 (W.D.N.Y. Sept. 5, 2006) (discrimination pursuant to 42 U.S.C. § 1983). Accordingly, none of these actions can establish Williams's discrimination or retaliation claim.

### D. Totality of the Circumstances

In the absence of a discrete discriminatory or retaliatory act, a plaintiff may establish her discrimination or retaliation claim by demonstrating that a series of incidents were so severe and pervasive as to have altered the conditions of her working environment. Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 69 (2d Cir. 2000); Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993) (holding that indicia may include frequency and severity of the discriminatory conduct, or whether it was objectively physically threatening or humiliating). A plaintiff must establish such a hostile work environment by pointing to a physical threat, humiliation, discriminatory intimidation, ridicule, or insult. Boyd v. Presbyterian Hosp., 160 F. Supp. 2d 522, 541-42 (S.D.N.Y. 2001). Even taking all the alleged actions together, Williams cannot make the required showing. Boyd, 160 F. Supp. 2d at 541-42 (dismissing claim of hostile work environment based on negative evaluations, criticisms of work and denial of leave, because the plaintiff did not establish that the work environment was objectively hostile).

## CONCLUSION

For the foregoing reasons, NYCHA's motion for summary judgment is granted. The Clerk of Court is directed to terminate any motions pending as of this date and mark this case closed.

Dated: June 29, 2008
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copies mailed to:*

Ms. Gina Williams
146-17 182nd Street
Springfield Gardens, New York 11413
*Plaintiff Pro Se*

Donna M. Murphy, Esq.
New York City Housing Authority
  Law Department
250 Broadway
New York, New York 10007
*Attorney for Defendant*

Hon. Michael H. Dolinger